UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD ROY SCOTT, | ) | No. MS05-5029 |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MARK SELING, *et al.*, | ) | |
| Defendants. | ) | |

      This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On January 19, 2006, the Clerk of Court received a complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, and a declaration signed by Mr. Scott. As directed in the bar order, the Clerk forwarded the documents to the undersigned for review.

      Plaintiff's newest filing asserts two claims. The first challenges the condition of his community custody time which precludes him from accessing the internet once he has been released from the Special Commitment Center ("SCC"). Proposed Complaint at ¶¶ 6-10. The second claim challenges the way in which plaintiff's community custody time has been

ORDER

calculated: plaintiff argues that time spent being evaluated by the various state entities should be subtracted from his community custody time. Proposed Complaint at ¶¶ 11-14. In his affidavit, plaintiff points out the distinction between the internet-related claim asserted in <u>Scott v. State of Washington</u>, C04-5707RBL, which dealt with access while at the SCC, and those asserted in his newest filing. The Court finds that the issues raised in the January 19, 2006, filing have not been finally resolved.

The declaration submitted by plaintiff with this filing is not in the form required by the April 5, 2005 Order Adopting Report and Recommendation, however. As plaintiff was informed in a prior order, an unsworn declaration can be used to support or prove a particular matter only if stated in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Plaintiff was warned that "[f]uture failures to submit a signed affidavit under penalty of perjury will result in the rejection of the proposed complaint." Order at n. 1, MS05-5029 (Dkt. # 11). Plaintiff's current declaration does not satisfy the April 5, 2005 Order Adopting Report and Recommendation in that it is not verified "under penalty of perjury." Plaintiff shall have thirty days from the date of this Order to submit a revised declaration, signed and dated, with the language "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Failure to submit a revised declaration that remedies the deficiency discussed herein will result in the rejection of plaintiff's January 19, 2006, filing. The Clerk of Court shall docket plaintiff's proposed complaint, related documents, and this order in MS05-5029. Neither the Clerk of Court nor defendants need take any further action with regards to this matter unless and until further ordered by the Court.

DATED this 7th day of February, 2006.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                    -2-