UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

```
_____
                                 )
RICHARD ROY SCOTT,               )    No. MC05-5029
                                 )
                  Plaintiff,     )
        v.                       )    ORDER
                                 )
HENRY RICHARDS,                  )
                                 )
                  Defendant.     )
_____)
```

This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On February 22, 2006, the Clerk of Court received a complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, a praecipe, and a declaration from Mr. Scott. These documents were posted in MC05-5029 at Dkt. # 26-28. As directed in the bar order, the Clerk forwarded the documents to the undersigned for review.

Plaintiff's submissions are contradictory and misleading. In the required declaration, plaintiff asserts that the proposed complaint "relates only to events or my conditions of confinement from January 2006 forward . . . ." MC05-5029 at Dkt. #28. The complaint itself, however, asserts that it "covers the period from June 2005 to present only." MC05-5029

ORDER

at Dkt. # 27. Both of these statements are belied by the fact that many of the factual allegations and legal claims asserted in the newest submission were raised in Scott v. Richards, C04-5582RBL, which was filed in September 2004. In addition, it appears that all of the events, policies, and conditions described in the proposed complaint were in place long before January 2006. For example, plaintiff complains about a privilege level system that has been in place since at least August 2004 (Proposed Complaint at ¶ 53), under- staffing in 2002 and 2003 (Proposed Complaint at ¶ 67), a lack of exercise resulting from policies established in 2004 (Proposed Complaint at ¶ 78), unsanitary conditions that caused problems in August or September 2004 (Proposed Complaint at ¶ 155), and faulty/old construction that twice allowed water to pour from the ceiling "on residents, when it rained. (including today 9-19-04)" (Proposed Complaint at ¶ 161).

Plaintiff is not, contrary to his assertions, alleging claims that arose after January 2006: at best he is trying to recover damages based on the recent effects of old policies, practices, and conditions. Plaintiff already attempted to litigate the validity of most of the challenged polices (such as the SCC's limitations regarding cell phones, scanners, pagers, internet access, extended " family trailer" visits, etc.) in Scott v. Richards, C04-5582RBL. That case was dismissed as a sanction for plaintiff's litigation abuses and he will not be permitted to assert the same claims for a different period of time. If a new policy or event occurred giving rise to a distinct claim, a new action may be appropriate. See Scott v. Seling, C05-5760RJB. Such is not the case here. The new action submitted on February 22, 2006, shall not be permitted to proceed. The Clerk of Court shall docket this order in MC05-5029. Neither the Clerk of Court nor defendants need take any further action with regards to this matter.

DATED this 10th day of March, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                      -2-