UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| RICHARD ROY SCOTT, | ) | No. MC05-5029 |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| KELLY CUNNINGHAM, *et al.*, | ) | |
| Defendants. | ) | |

This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On April 4, 2006, the Clerk of Court received a complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, and a declaration signed by Mr. Scott. Dkt. # 50 and 51. These documents are now before the undersigned for review pursuant to the terms of the bar order.

Plaintiff's proposed complaint asserts constitutional and tort claims against defendants Kelly Cunningham, Alan McLaughlin, Mr. Vanderpool, and Dr. Sziebert based on allegations that defendants have twice taken his computer in the past few months and have

ORDER

conspired to place him in isolation, thereby depriving plaintiff of access to the courts and/or retaliating against him for his on-going litigation. The specific events/conduct of which plaintiff complains are the confiscation of his computer for four days in February 2006 and again from March 2006 to the present, as well as his confinement in isolation on March 30-31, 2006. Although plaintiff asserts in his declaration that he has never litigated these events before, the complaint filed against Will Bailey on March 8, 2006 (Dkt. # 43, now assigned cause number C06-5173RBL/JKA) involves the February 2006 confiscation of his computer. Plaintiff is therefore unable to verify "under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." April 5, 2005 Order Adopting Report and Recommendation at 24. Plaintiff will not be permitted to litigate the same event in different suits. To the extent plaintiff believes that both McLaughlin and Bailey are responsible for the loss of his computer in February 2006, he may move to amend the complaint in C06-5173RBL/JKA to add McLaughlin as a defendant.

For all of the foregoing reasons, the new action submitted on April 4, 2006, shall not be permitted to proceed. The Clerk of Court shall docket this order in MC05-5029. Neither the Clerk of Court nor defendants need take any further action with regards to this matter.

DATED this 17th day of April, 2006.

/s/ Robert S. Lasnik
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                              -2-