UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
RICHARD ROY SCOTT,              )   No. MC05-5029
                                )
                Plaintiff,      )
        v.                      )   ORDER
                                )
STATE OF WASHINGTON,            )
                                )
                Defendant.      )
_____)

        This matter comes before the Court on plaintiff's "praecipe" erroneously dated December 22, 2004.[1] Plaintiff is not commanding a ministerial action or production of a legal writ: his "praecipe" is therefore interpreted as a request for clarification regarding the Court's order of February 7, 2006 (Dkt. # 21).

        Plaintiff notes that the February 7th order was incorrectly captioned <u>Scott v. Seling</u> when in fact it should have been captioned as set forth above to correspond with the proposed complaint submitted on January 19, 2006 (Dkt. #19). Plaintiff further suggests that the docketing of this order in a file named "In re: Richard Roy Scott" has caused some confusion.

---

[1] This Order was originally signed on March 10, 2006, with plaintiff's "praecipe" attached as an exhibit. Because plaintiff mailed the "praecipe" directly to the undersigned's chambers rather than filing it with the Clerk, a hard copy of the order and the attached "praecipe" had to be sent from the United States Courthouse in Seattle to the Clerk's Office in Tacoma for filing. It was, unfortunately, lost in transit. The Court is therefore reissuing this Order with updated information, revised deadlines, and instructions regarding the filing of future pleadings and requests for relief.

ORDER

1  Since April 5, 2005, plaintiff has been subject to a litigation management order that bars him
2  from filing suits in this district unless plaintiff provides a signed affidavit, along with the
3  proposed complaint, "verifying under penalty of perjury that none of the issues raised in the
4  proposed complaint have been litigated in the past by the plaintiff." Until the required affidavit
5  is reviewed and approved by the undersigned, a new case will not be opened by the Clerk of
6  Court. In order to keep track of plaintiff's submissions and mitigate the risk that original
7  documents would be lost, the Clerk opened a single miscellaneous file in which to post the
8  proposed complaints, the related forms and declarations, and the undersigned's order rejecting or
9  accepting each submission. The miscellaneous file that holds all of plaintiff's proposed
10 complaints is captioned "In re: Richard Roy Scott, MC05-5029." If, after review, the complaint
11 is accepted, the Clerk then opens a new file, with a new civil action number, and places a copy
12 of the complaint, the supporting documentation, and the Court's order therein. See Scott v.
13 Seling, C05-5760RJB (Dkt. # 1-3).

14         When plaintiff submits a new complaint, the undersigned reviews his affidavit and
15 the proposed complaint to determine whether it complies with the April 5, 2005, Order.
16 Because plaintiff's affidavits are often confusing, incomplete, and not signed under penalty of
17 perjury, each review requires the Court to consider all of plaintiff's past suits to ensure that none
18 of the claims in the proposed complaint was previously litigated. Since November 2005,
19 plaintiff has submitted at least ten new complaints and three motions for reconsideration, each of
20 which has been compared with at least eleven other complaints. Somewhere in this laborious
21 process, the Court incorrectly captioned its order regarding the proposed complaint filed on
22 January 19, 2006. Plaintiff suggests that he was so confused by this error and the use of the "In
23 re" caption that, despite the Court's clear instruction that he had thirty days from February 7,
24 2006, to submit a revised declaration, signed and dated, with the language "I declare under
25 penalty of perjury that the foregoing is true and correct," he was not sure how to proceed.
26         Giving plaintiff every benefit of the doubt, the Court will extend the date by which

ORDER                    -2-

plaintiff must file a revised declaration, signed and dated, with the language "I declare under penalty of perjury that the foregoing is true and correct." Plaintiff has until May 15, 2006, to submit a revised declaration that remedies the deficiencies discussed in the Court's February 7th order (Dkt. # 21). As stated in the order of March 28, 2006 (Dkt. # 38), the signature under penalty of perjury and the date on which it is signed must be appended to the factual statements to which plaintiff will be bound. Failure to file a proper declaration in compliance with the Court's orders will result in the rejection of plaintiff's January 19, 2006, proposed complaint (Dkt. # 19). The Clerk of Court shall docket this order in MC05-5029. Neither the Clerk of Court nor defendants need take any action with regards to the January 19, 2006, proposed complaint unless and until further ordered by the Court.

Plaintiff's practice of mailing documents directly to the undersigned is not only contrary to the Local Rules of Civil Procedure, but also risks the loss of original documents as occurred in this case. Pursuant to Local Civil Rule 7(b)(1) and Local General Rule 5(e), if plaintiff seeks affirmative relief of any kind from the Court, the moving papers must be filed with the Clerk in Tacoma. Any papers submitted directly to the undersigned's chambers do not become part of the official court record and will not be considered or ruled upon.

DATED this 17th day of April, 2006.

Robert S. Lasnik
Chief Judge, United States District Court

ORDER                    -3-