UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
RICHARD ROY SCOTT,                 )   No. MC05-5029
                                   )
                    Plaintiff,     )
         v.                        )   ORDER PERMITTING CASE TO PROCEED
                                   )
AL NERO, *et al.*,                 )
                                   )
                    Defendant.     )
_____)

        This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On April 11, 2006, the Clerk of Court received a proposed complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, and a declaration signed by Mr. Scott. As directed in the bar order, the Clerk forwarded the documents to the undersigned for review.[1]

---

[1] On May 12, 2006, the undersigned received in the mail a handwritten motion requesting a thirty day stay of all of plaintiff's cases because he had been moved to the King County Jail and apparently lacked the supplies and resources necessary to litigate his actions. As noted in a prior order, plaintiff must file motions and other requests for affirmative relief with the Clerk of Court: "papers submitted directly to the undersigned's chambers do not become part of the official court record and will not be considered or ruled upon." Order dated 4/17/06 (MS05-5029 Dkt. # 55). Nevertheless, the

ORDER

Plaintiff's proposed complaint asserts constitutional and other claims against individuals who participated in a disciplinary hearing on April 6, 2006. Plaintiff asserts that there was no evidence to support the alleged violation of Policy 235, that defendant Alan McLaughlin improperly influenced the proceedings, and that the punishments assessed (a bar from use of intra-institutional mail, the deprivation of free legal copies, the confiscation of plaintiff's computer, and isolated confinement) infringe his First Amendment rights and access to the courts. Pursuant to his declaration, plaintiff is not seeking to litigate claims arising before April 6, 2006, and has not raised these claims in a prior suit.

Although plaintiff has already filed two complaints regarding the confiscation of his computer and his isolated confinement (see MC05-5029 at Dkt. # 43 (now C06-5173) and Dkt. # 50), the Court will accept at face value plaintiff's representation that this complaint involves only the adverse consequences of the April 6, 2006, disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation of his computer in February and March 2006, in the context of this action. The Court finds that the issues raised in the April 11, 2006, proposed complaint (Dkt. # 52), as limited herein, have not been finally resolved and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's April 11, 2006, submission.

DATED this 20th day of June, 2006.

*MWS Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

---

undersigned postponed consideration of the matters pending in MC05-5029 as requested by plaintiff.

ORDER                    -2-