UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
RICHARD ROY SCOTT,              )    No. MC05-5029
                                )
            Plaintiff,          )
    v.                          )    ORDER DENYING MOTION FOR
                                )    RECONSIDERATION AND DIRECTING
KELLY CUNNINGHAM, *et al.*,     )    CLERK TO PROVIDE COPY OF
                                )    COMPLAINT
            Defendant.          )
_____ )

This matter comes before the Court on Richard Roy Scott's "Motion for Reconsideration of Dkt. # 54 Order." Dkt. # 59.[1] Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." Local Civil Rule 7(h)(1). Plaintiff has not met this burden.

Plaintiff does not challenge the Court's order on its merits. The Court found that one of the claims asserted in the proposed complaint filed on April 4, 2006 (Dkt. # 50) had already been asserted against Will Bailey (Dkt. # 43, now assigned cause number C06-5173RBL/JKA). Plaintiff was therefore unable to verify "under penalty of perjury that

---

[1] Plaintiff filed a notice of change of address dated May 10, 2006, and requested a forty-five day stay of all of his cases because he had been moved to the King County Jail and apparently lacked the resources necessary to pursue this litigation. The undersigned has therefore postponed consideration of the matters pending in MC05-5029.

ORDER

none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff" (April 5, 2005 Order Adopting Report and Recommendation at 24), and the proposed complaint was rejected.

Plaintiff argues, however, that the order should be reconsidered because he is unable to comply with the Court's direction to amend the complaint in Scott v. Bailey, C06-5173RBL/JKA. Plaintiff asserts that defendants have confiscated his computer, typewriter, and litigation files, thereby depriving him of access to his original complaint against Bailey and making an amendment impossible. The Court did not, however, order plaintiff to amend his complaint. Rather, the Court found that plaintiff would not be permitted to litigate the same event in different suits and noted that "to the extent plaintiff believes that both McLaughlin and Bailey are responsible for the loss of his computer in February 2006, he may move to amend the complaint in C06-5173RBL/JKA to add McLaughlin as a defendant." No reconsideration of the Court's order is necessary.

For all of the foregoing reasons, plaintiff's motion for reconsideration (Dkt. # 59) is DENIED, as are his various requests for consolidation, appointment of counsel, and/or orders to compel. Although it is unclear whether plaintiff has now regained access to his litigation files and/or computer, the Clerk of Court is directed to mail to plaintiff a copy of the complaint in Scott v. Bailey, C06-5173RBL/JKA.

DATED this 26th day of June, 2006.

*Robert S. Lasnik* (signature)
Robert S. Lasnik,
Chief Judge, United States District Court

ORDER                                -2-