UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>            Plaintiff,<br>     v.<br>STATE OF WASHINGTON,<br><br>            Defendant. | No. MC05-5029<br><br>ORDER DIRECTING CLERK TO PROVIDE COPIES |

This matter comes before the Court on Richard Roy Scott's "Request for Clarification and Copy of Complaint." Dkt. # 60. Plaintiff asserts that he cannot understand and/or comply with the Court's order (Dkt. # 55) to file a signed and dated declaration under penalty of perjury because defendants have confiscated his computer, typewriter, and all copies of his litigation files.[1]

This is the second motion for clarification plaintiff has filed regarding the proposed complaint submitted on January 19, 2006 (Dkt. # 19). The affidavit provided with that complaint was defective in that it was not verified "under penalty of perjury." On February 7, 2006, the Court directed plaintiff to correct the deficiency. Dkt. # 21. Plaintiff was confused by

---

[1] Plaintiff filed a notice of change of address dated May 10, 2006, and requested a forty-five day stay of all of his cases because he had been moved to the King County Jail and apparently lacked the resources necessary to pursue this litigation. The undersigned has therefore postponed consideration of the matters pending in MC05-5029.

ORDER

the order and sought clarification via a letter mailed directly to the undersigned. On April 17, 2006, the Court extended the time in which plaintiff could remedy the deficiencies in his January 19, 2006, filing, and again directed plaintiff to declare, under penalty of perjury, that none of the issues raised in the proposed complaint had been litigated in the past. Dkt. # 55.

Pursuant to the governing bar order, unless and until a proposed complaint and the required affidavit are reviewed and approved by the undersigned, the new case will not be permitted to proceed. Plaintiff has already been given two opportunities (and over four months) to provide a statement, under penalty of perjury, that the issues raised in the January 19, 2006, proposed complaint were not previously litigated by plaintiff. Although defendant's confiscation of plaintiff's computer for four days in February and again in March does not excuse plaintiff's failure to provide an adequate affidavit to that effect, the Court will again continue the time period in which plaintiff may remedy the deficiencies identified in its prior orders.

The Clerk of Court is directed to mail to plaintiff a copy of Dkt. # 19, 20, 21, and 55. Plaintiff shall have until July 12, 2006, to file a revised declaration, signed and dated, with the language "I declare under penalty of perjury that the foregoing is true and correct." As stated in an order entered on March 28, 2006 (Dkt. # 38), the signature under penalty of perjury and the date on which it is signed must be appended to the factual statements to which plaintiff will be bound, namely that the condition barring plaintiff from accessing the internet once he has been released from the Special Commitment Center ("SCC") and the way in which his community custody time has been calculated have not been previously litigated by plaintiff. Failure to file a proper declaration in compliance with the Court's orders by July 12, 2006, will result in the rejection of plaintiff's January 19, 2006, proposed complaint (Dkt. # 19). The Clerk of Court shall docket this order in MC05-5029. Neither the Clerk of Court nor defendants need take any other action with regards to the January 19, 2006, proposed complaint unless and until

1 further ordered by the Court.

DATED this 26th day of June, 2006.

*[signature]*
Robert S. Lasnik,
Chief Judge, United States District Court

ORDER                                        -3-