UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RICHARD ROY SCOTT,                  )   No. MC05-5029
                                    )
                Plaintiff,          )
        v.                          )   ORDER PERMITTING CASE TO PROCEED
                                    )
BECKY DENNY,                        )
                                    )
                Defendant.          )
_____ )

This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On October 3, 2006, the Clerk of Court received a motion to proceed *in forma pauperis*, a consent for payment of costs, a complaint, and a declaration signed by plaintiff. See Dkt. #94 and #95. These are now before the undersigned for review pursuant to the terms of the bar order.

Plaintiff asserts a § 1983 claim against Ms. Becky Denny, the legal coordinator at the Washington State Department of Social and Health Services Special Commitment Center where plaintiff resides. Plaintiff alleges that Ms. Denny denied plaintiff meaningful and effective court access by issuing an order on September 28, 2006 that plaintiff could only make photocopies for his civil commitment case with knowledge that this order would prevent plaintiff from

ORDER

proceeding in a pending action against Ms. Denny. <u>See</u> Dkt. #94. Plaintiff seeks damages for intentional obstruction of his effective and meaningful court access. <u>Id.</u> Pursuant to the terms of the "Order Adopting Report and Recommendation," dated April 5, 2005, plaintiff has submitted a signed declaration verifying that none of the issues raised in the proposed complaint have been litigated in the past by plaintiff. <u>See</u> Dkt. #95.

The undersigned finds that the issues raised in the above-captioned matter have not been previously litigated by plaintiff and may proceed subject to the other requirements imposed by the "Order Adopting Report and Recommendation," dated April 5, 2005. The Clerk of Court shall docket this order in MC05-5029 and open a new cause of action containing all documents related to plaintiff's October 3, 2006, submission (Dkt. #94 and #95).

DATED this 23rd day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge