UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
RICHARD ROY SCOTT,                 )
                                   )   No. MC05-5029
                   Plaintiff,      )
         v.                        )
                                   )   ORDER DENYING PLAINTIFF'S
AL NERIO, *et al.*,                )   MOTION FOR RECONSIDERATION
                                   )   OF ORDER PERMITTING CASE TO
                   Defendants.     )   PROCEED
_____)

This matter comes before the Court on plaintiff's "Motion to Amend Order to Proceed" (Dkt. #104). Plaintiff requests that the Court "clarify" its June 20, 2006 Order, where the Court stated: "Although plaintiff has already filed two complaints regarding the confiscation of his computer . . . the Court will accept at face value plaintiff's representation that this complaint involves only the adverse consequences of the April 6, 2006, disciplinary hearing. Plaintiff will not be permitted to litigate prior events, such as the confiscation of his computer in February and March 2006, in the context of this action." See Dkt. #67; Dkt. #2 in No. C06-5340RJB, at 2. The Court considers plaintiff's request to "clarify" this Order as a motion for reconsideration.

Under Local Civil Rule 7(h)(2), a "motion [for reconsideration] shall be filed within ten judicial days following the order to which it relates. . . . Failure to comply with this subsection

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

may be grounds for denial of the motion."[1]  The Court's "Order Permitting Case to Proceed" was filed on June 20, 2006. Dkt. #67. Plaintiff's "Motion to Amend Order to Proceed" was filed on December 20, 2006, more than ten judicial days following the Court's Order. Accordingly, plaintiff's motion is denied as untimely.

Additionally, motions for reconsideration are disfavored in this district and will be granted only upon "a showing of manifest error in the prior ruling or a showing of new facts or legal authority." Local Civil Rule 7(h)(1). Defendant has not met this burden. The issue involving plaintiff's prior complaints about the confiscation of his computer was raised and considered in the June 20, 2006 Order Permitting Case to Proceed. See Dkt. #2 at 2 in No. C06-5340 (citing No. MC05-5029, Dkt. #43 (now No. C06-5173) and Dkt. #50). No new facts or legal authority have been presented and no manifest error has been shown.

For all of the foregoing reasons, plaintiff's "Motion to Amend Order to Proceed" (Dkt. #104) is DENIED. The Clerk of Court is directed to docket this Order in both No. MC05-5029 and No. C06-5340RJB.

DATED this 26th day of January, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[1] Plaintiff attached a copy of the Order (Dkt. #47) in Scott v. Nerio, No. C06-5340RJB, as Exhibit 1 to his motion. Therefore, the Court considers plaintiff's "Motion to Amend Order to Proceed" as directed at the "Order Permitting Case to Proceed" (Dkt. #2) in Scott v. Nerio, No. C06-5340RJB.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION        -2-