UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
RICHARD ROY SCOTT,                 )   No. MC05-5029
                                   )
                Plaintiff,         )
        v.                         )   ORDER
                                   )
WILL BAILEY,                       )
                                   )
                Defendant.         )
_____)

This matter comes before the Court *sua sponte*. On April 5, 2005, the United States District Court judges who sit in Tacoma entered an order dismissing a number of plaintiff's causes of action and barring future litigation unless plaintiff provides a signed affidavit, along with the proposed complaint, "verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated in the past by the plaintiff." On March 13, 2007, the Clerk of Court received a complaint, a motion to proceed *in forma pauperis*, a written consent for payment of costs, a praecipe, and a declaration from Mr. Scott. These documents were posted in MC05-5029 at Dkt. #106. As directed in the bar order, the Clerk forwarded the documents to the undersigned for review.

In the required declaration, plaintiff asserts that "I have not filed this complaint before," but also states that "this complaint only refers to event[s] that occured [sic] after I file[d] Scott v. Bailey C06-5173 Amendment [sic]." See MC05-5029 at Dkt. #106 (Declaration of Plaintiff). In the complaint, plaintiff seeks relief for "retaliation" by Will Bailey for events that appear to

ORDER

have occurred between April 2006 and July 2006 after plaintiff filed his first complaint against Mr. Bailey in March 2006.  See Dkt. #106 ("Complaint Under 1983 Pendant State Claims") at ¶¶3, 6, 7; Dkt. #1 in Case No. C06-5173RBL.

In his complaint in Scott v. Bailey (Case No. C06-5173RBL), plaintiff also appeared to be seeking relief for retaliation by Mr. Bailey.  See Dkt. #39 at 2.  In this prior action, on September 8, 2006, plaintiff was granted leave until October 30, 3006 "to file an amended complaint that will act as a complete substitute for the original [complaint]" to support "the basis of a retaliation claim."  See Dkt. #39 in C06-5173RBL at 2 (Report and Recommendation); Dkt. #44 in C06-5173RBL (Order Adopting Report and Recommendation).  This deadline was extended until December 1, 2006, and the case was stayed until a proper amended complaint was filed.  See Dkt #59 in C06-5173RBL at 2.  On February 22, 2007, the C06-5187RBL action was dismissed with prejudice for failure to prosecute and failure to comply with court orders because: "plaintiff has failed to properly amend his complaint despite being given over 90 days from the time of the Report and Recommendation to amend (Dkt. #39), and nearly 90 days from the Order adopting that Report and Recommendation (Dkt. #33)."  See Dkt. #69 (Order Adopting Report and Recommendation) in C06-5173RBL.

Based on this history, plaintiff was given until December 1, 2006 to properly amend his complaint against Mr. Bailey for retaliation, but failed to do so.  The allegations that plaintiff raises in his proposed new action against Mr. Bailey relate to events that occurred between April and July 2006.  Accordingly, had plaintiff properly amended his complaint in the C06-5173RBL action, plaintiff could have incorporated the allegations in his new proposed complaint in the previous action styled Scott v. Bailey.  Therefore, plaintiff's statement in his declaration that "this complaint only refers to event[s] that occur[r]ed after I file[d] [the] Scott v. Bailey C06-5173 Amendment" is false because plaintiff never properly attempted to amended his complaint to include these allegations.  For this reason, plaintiff's new action shall not be allowed to proceed.

1  Additionally, on March 26, 2007, this Court entered an order barring plaintiff from
2  proceeding *in forma pauperis* in any future action in the United States District Court for the
3  Western District of Washington unless the Court determines he is in imminent danger of death
4  or serious injury. See Dkt. #95 in Scott v. Weinberg, et al. (Case No. C06-5172-FDB) ("Order
5  Adopting Report and Recommendation and Order Restricting Future *In Forma Pauperis*
6  Filings") at 15.  Upon review of the documents filed by plaintiff, the Court finds there is no
7  showing that plaintiff is in imminent danger of serious physical injury.

8  For all the foregoing reasons, the new action submitted on March 13, 2007 (Dkt. #106),
9  shall not be permitted to proceed.  The Clerk of Court shall docket this order in MC05-5029.
10 Neither the Clerk of Court nor defendants need take any further action with regards to this
11 matter.

DATED this 23rd day of July, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge