# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IN RE: RICHARD ROY SCOTT

Case No. 3:05-mc-5029-RSM

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IFP

This matter comes before the Court on Plaintiff Richard Roy Scott's Application to Proceed *In Forma Pauperis*, Dkt. #173. Plaintiff, a resident of the Special Commitment Center ("SCC") on McNeil Island, has been previously declared a "vexatious litigant" and is "prohibited from proceeding in forma pauperis in any future action in the United States District Court for the Western District of Washington… unless the Court determines that he is in imminent danger of death or serious injury." *Scott v. Weinberg*, Case No. 3:06-cv-05172-FDB, Dkt. #95.

Upon review of Plaintiff's current proposed complaint, Dkt. #173-1, the Court determines that he is not in imminent danger of death or serious injury and will deny his request for IFP status.

Plaintiff claims that "[a]ll medical care for Richard Scott has stopped," and that he has not been to the medical clinic "in part because [the director of the medical department] reduced

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IFP - 1

the ARPN to just week ends, 12 hours total." Dkt. #173 at 2. He claims that it was recommended to him four year ago to have a camera examination of his throat "to determine if he had an obstruction in his throat or maybe even cancer." *Id*. He states that he has put in sick call slips and has not been seen. The reasons Plaintiff gave for needing medical care were concern about possible skin cancer and stating that his "right arm was sore/painful." *Id*. Plaintiff states that he has requested to renew his over the counter medications (he does not identify them to the Court) and the clinic's response was "could you be more specific." *Id*. at 3. Plaintiff then lists certain medications that have been renewed and others that have not, including "A&D ointment," petroleum jelly, and "alleges [sic] med." *Id*. Plaintiff then lists several non-life-threatening ailments such as having to urinate "constantly" and a pinched nerve in his neck. *Id*. He states he "was prescribed a hospital bed and has one but it doesn't have a remote control." *Id.* He indicates that without certain medications his health conditions will worsen. *Id.* at 4.

Plaintiff has twice this year attempted to proceed IFP with complaints addressing the social distancing and sanitation policies at the SCC, as well as restrictions on his access to haircuts, recreational and religious activities, and to a computer for legal research. *See* Dkts. #163 and #168. It is clear to the Court that Plaintiff's access to these activities has been reduced or banned due to the ongoing COVID-19 pandemic. Plaintiff admits this. *See* Dkt. #173-2 ("we have… new mewdical [sic] Staff and procedures in part due to the virus and budget issues"). It seems likely that his access to the clinic has been reduced given the unprecedented public health situation.

As the Court has previously found, Plaintiff still has access to medical care, but medical staff has been reduced and elective off island medical procedures have stopped. Plaintiff does

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IFP - 2

not identify a specific need for immediate medical care to deal with a life-threatening issue or a serious injury.  The Court finds that Plaintiff has failed to demonstrate that he is in imminent danger of death or serious injury.

Pursuant to the bar order above, Plaintiff is not entitled to IFP status to prosecute his claims.  If he wishes to proceed, he must pay the required filing fee for his complaint.  Plaintiff's concerns over deviations from SCC policies are best directed to the leadership at the SCC.

Accordingly, the Court hereby finds and ORDERS that Plaintiff Richard Roy Scott's Application to Proceed *In Forma Pauperis*, Dkt. #173, is DENIED.  The clerk is directed to provide a copy of this order to Plaintiff.

DATED this 7th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE